# Declaration of Ervin Longstreet

# Exhibit A

State of California – Department of State Hospitals  　　　　　Gavin Newsom, Governor

Legal Division
1600 9th Street, Suite 433
Sacramento, California 95814
www.dsh.ca.gov



July 3, 2020

Jennifer Stark, Managing Attorney
Anne Hadreas, Associate Managing Attorney
Sarah Gregory, Senior Attorney
Disability Rights California
Legal Advocacy Unit

**RE: Response to Request for Discharge of Ervin Longstreet due to COVID-19 Pandemic Risks, DSH-Patton**

Dear Ms. Stark, Ms. Hadreas and Ms. Gregory:

This letter acknowledges your request for the evaluation and release of Mr. Ervin Longstreet (P-1626506). At the time DSH received your request, the Conditional Release Program (CONREP) was in the process of reassessing Mr. Longstreet's readiness for community placement in CONREP or a transitional step-down option through DSH's program at Sylmar Rehabilitation available for individuals committed under Penal Code section (PC) 1026.

After consulting with Mr. Longstreet's treating psychologist at DSH-Patton and the San Bernardino/Riverside Community Program Director, the CONREP evaluator is of the opinion that Mr. Longstreet is not appropriate for a traditional community outpatient treatment setting at this time. However, the CONREP evaluator has concluded he would benefit from an immediate referral to Sylmar as a transitional step on the path to community outpatient treatment.

This reassessment reflects an update to the CONREP liaison report that was near completion after DSH-Patton's progress report to the court dated April 29, 2020 wherein the treatment team did not recommend placement to CONREP or Sylmar. Since that time, however, Mr. Longstreet has demonstrated progress towards several of the areas identified in his discharge plan, including increased engagement in treatment, developing a viable Wellness and Recovery Action Plan that focuses on his mental health and treatment issues, and has started to become more forthcoming about his symptoms and history.

Next steps in the process for Mr. Longstreet include the following:
1) An evaluation by Sylmar for acceptance to the program and report back to the Court. We have requested that Sylmar expedite its review of Mr. Longstreet.
2) Assuming Sylmar concurs with the recommendation and accepts Mr. Longstreet, the Court will have to issue a minute order for his release. DSH will

*"Caring Today for a Safe and Healthy Tomorrow"*

    submit a recommendation to the court recommending Mr. Longstreet be placed at Sylmar.
3) Upon receipt of the minute order, Mr. Longstreet's transport from DSH-Patton to Sylmar can be scheduled, pursuant to COVID-19 protocols for discharging patients.

It should be noted that Sylmar has one staff member who works on the CONREP unit and has tested positive for COVID-19. The unit is currently on quarantine and new admissions are temporarily suspended. All patients have been re-tested on July 1, 2020, and assuming favorable results in the next few days, the quarantine and admission suspension should be lifted by next week.

We will provide you with additional updates as Mr. Longstreet's case continues to progress. Please let us know if you have additional questions.

Respectfully,

Brent W. Reden
Deputy Chief Counsel
Legal Division

CC: