SAMANTHA CHOE (SBN: 252002)
schoe@cov.com
ADDISON THOMPSON* (SBN: 330251)
athompson@cov.com
SYLVIA HUANG (SBN: 313358)
syhuang@cov.com
ANNIE SHI (SBN: 327381)
ashi@cov.com
Covington & Burling LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000

JENNIFER STARK (SBN: 267062)
Jennifer.Stark@disabilityrightsca.org
AARON FISCHER (SBN: 24739
Aaron.Fischer@disabilityrightsca.org
ANNE HADREAS (SBN: 253377)
Anne.Hadreas@disabilityrightsca.org
SARAH GREGORY (SBN: 303973)
Sarah.Gregory@disabilityrightsca.org
KIM PEDERSON (SBN: 234785)
Kim.Pederson@disabilityrightsca.org
Disability Rights California
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201

*Attorneys for Plaintiffs*
*\* C.D. California admission application forthcoming*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| ERVIN LONGSTREET et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHANIE CLENDENIN, Director of California Department of State Hospitals, in her official capacity et al.,<br><br>Defendants. | Case No. 5:20-cv-1559-JGB-SHK<br><br>**JOINT STATUS REPORT**<br><br>**Date:    TBD**<br>**Time:    TBD**<br>**Hon. Jesus G. Bernal** |

On August 5, 2020, Plaintiffs Richard Hart, Ervin Longstreet, Aldo Hernandez, Charles Gluck, and Graham Waldrop filed this putative class action seeking to represent all individuals who are currently confined, or who will be confined in the future, at Patton State Hospital ("DSH-Patton") during the COVID-19 pandemic and who are or might be at risk of becoming severely ill or dying from complications related to COVID-19 according to CDC guidelines (the "Proposed Class").

On December 7, 2020, the Court held a status conference and, following discussion with counsels, set a hearing date of January 25, 2020 for Plaintiffs' motion for a preliminary injunction and for class certification and for Defendants' motion to dismiss and motion for a stay of the action.

On December 14, 2020, the Defendants filed a motion to dismiss (ECF 28) and a motion to stay (ECF 29).

On December 14, 2020, Plaintiffs filed, *ex parte*, for (1) a temporary restraining order ("TRO") and an order to show cause re: preliminary injunction against Defendants (ECF 30); and (2) an application for provisional class certification.

On December 17, 2020, the Court scheduled a hearing on Plaintiffs' application for a TRO for December 22, 2020.[1] On December 22, 2020, the Court ordered the parties to meet and confer regarding a proposed briefing schedule for Plaintiffs' *ex parte* application and a date for the Court to hear the parties on the merits of the application, and to advise the Court the results of those meet and confer efforts no later than December 23, 2020. The Court stated that if the parties were not able to reach agreement, the Court would set a schedule for the parties.

---

[1] Because the Court's December 17, 2020 scheduling order refers to Plaintiffs' *ex parte* application for temporary restraining order, and Plaintiffs seek provisional class certification for the purpose of emergency injunctive relief (making the two applications necessarily intertwined), Plaintiffs sometimes refer to their *ex parte* applications in the singular for the purpose of their portion of this status report. Defendants disagree with this concept.

Despite good faith efforts by both parties, the parties were unable to reach an agreement regarding the schedule for Defendant's response, Plaintiffs' reply to Defendant's response, and a date for hearing on the *ex parte* application.

Consequently, the parties state their respective positions as follows.

**Plaintiffs' Position**

As noted in Plaintiffs' pleadings, the *ex parte* application for TRO was necessary on account of the already dire situation at DSH-Patton worsening significantly. At the time Plaintiffs filed the *ex parte* application on December 14, 2020, 113 patients had tested positive for COVID-19 since December 1, 2020, according to Defendants' published data. Eighty-nine of these patients, including three of the named Plaintiffs, tested positive for COVID-19 after the status conference on December 7, 2020.  A graph showing the increase in cases in recent days illustrates this:



1

2      Plaintiffs' counsel notified Defendants on December 4, 2020, that the

3   forthcoming court filings may be framed as *ex parte* application(s) if the spread of

4   COVID-19 continued to increase significantly, which it did.  On December 10, 2020,

5   Plaintiffs' counsel notified counsel for Defendants in writing that, because of the

6   staggering increase in COVID cases, Plaintiffs would likely file for expedited relief

7   in the form of a TRO.  On December 11, 2020, three days before the filing, Plaintiffs'

8   counsel confirmed to Defendants in writing that the filings would in fact be for a

9   TRO and class certification with a request for an expedited hearing and decision.

10      In light of the immediate threat to the health and well-being of Plaintiffs and

11   members of the Proposed Class, Plaintiffs seek a hearing and decision on their *ex parte*

12   TRO application at the earliest possible date, and propose **January 4, 2021** for the

13   hearing, or another date that week consistent with the Court's availability.

14      Despite the urgency and Defendants' failure to respond to the application before

15   the hearing date pursuant to the Court's rules, Plaintiffs propose the following briefing

16   schedule for the *ex parte* applications:

17      **Defendants' Response to Plaintiffs' *Ex Parte* Applications** – Due December 29,

18   2020 (providing Defendants 15 days from the date on which Plaintiffs filed the *ex parte*

19   application)

20      **Plaintiffs' Reply re: *Ex Parte* Applications** – Due December 31, 2020

21      Plaintiffs respectfully submit that both the *ex parte* applications for temporary

22   restraining order and for provisional class certification must both be heard at the

23   upcoming hearing.  Plaintiffs seek classwide relief, and thus deferring the *ex parte*

24   application for provisional class certification would be procedurally and practically

25   improper.

26      Plaintiffs' proposal provides Defendants with significantly more time than in

27   briefing schedules where parties had sought temporary restraining orders under similar

28   circumstances. *See, e.g.,*

- *Ahlman v. Barnes*, Case No. 20-835 JGB (SHKx)
  - Plaintiffs filed *ex parte* applications for temporary restraining order and class certification on **May 11, 2020** (ECF 41 and 42).
  - Defendants filed responses on **May 14, 2020** (ECF 49 and 50).
  - Plaintiffs filed replies on **May 16, 2020** (ECF 53 and 54).
  - This Court held a hearing on **May 19, 2020** (ECF 62).
- *Torres v. United States Dep't of Homeland Sec.*, Case No. 18-2604 JGB (SHKx)
  - Plaintiffs filed *ex parte* applications for a temporary restraining order on **March 26, 2020** (ECF 127).
  - Defendants filed their response on **March 27, 2020** (ECF 129).
  - Court held hearing on **April 2, 2020** (ECF 137).
  - Plaintiffs made supplemental filings per the Court's order on **April 6, 2020** (ECF 139).

A reply to the defendants' response was filed in each case. The motions in *Ahlman* were supported by a similar number of supporting declarations as provided by Plaintiffs in this matter.  Plaintiffs oppose Defendants' assertion that Plaintiffs have waived a Reply regarding their *ex parte* applications, which has regularly been permitted by this and other courts in similar proceedings, as indicated above.

Given the urgency necessitating the TRO application, Plaintiffs cannot accept Defendants' proposal to file their response by January 4, 2021 – the same date their response would have been due had the hearing on these motions been set for January 25, 2021, according a regularly noticed motion schedule – and for Plaintiffs to waive their reply.

Plaintiffs do not oppose Defendants' *ex parte* request, made December 18, 2020, to shorten time as to Defendants' Motion to Stay (Dkt. 37).  Plaintiffs propose to file an opposition to the Motion to Stay no later than December 29, 2020 (*i.e.*, the same date Plaintiffs propose for Defendants to respond to Plaintiffs' pending application(s)).

Plaintiffs do not agree that an evidentiary hearing is necessary for the Court to rule on the *ex parte* applications for temporary restraining order and for provisional class certification. If the Court chooses to set an evidentiary hearing on the matter, that would make it even more necessary for Defendants to submit their responsive pleadings well in advance of January 4, 2020, so that Plaintiffs may review Defendants' proffered evidence prior to an evidentiary hearing. If an evidentiary hearing is set, Plaintiffs intend to call Defendant Stephanie Clendenin, Defendant Janine Wallace, Ellen Bachman (who previously submitted a declaration in support of the request for a stay), and any other expert or fact witnesses who submits a declaration in support of Defendants' forthcoming response.

Plaintiffs' expert declarants themselves have busy work schedules. Plaintiffs' counsel will make best efforts to facilitate scheduling arrangements consistent with any order or hearing on this matter.

**Defendants' Response** –

Defendants respectfully request that this Court set a filing deadline of January 4, 2020 for Defendants' opposition to the ex parte application for a temporary restraining order, with a waiver of any reply, and set a hearing date on any date after January 4, 2020. Further, Defendants request that an evidentiary hearing, permitting examination of Plaintiffs' declarants (including experts), be set.

Defendants relied upon this Court's order at the December 7, 2020 status conference regarding the hearing date for Plaintiffs motions for preliminary injunctive relief and motion for class certification. In response to Plaintiffs' after-hours filing of two 500-plus page ex parte applications on December 14, 2020, Defendants have worked diligently and will continue to work diligently to obtain declarations of lay and expert witnesses – during the usual holiday season and during the initial roll-out of the vaccination of the Department of State Hospitals' front-line health care employees for COVID-19 -  to respond to Plaintiffs' ex parte application for a temporary restraining order, with its multiple expert declarations from persons with various professional

backgrounds and several lay declarations, and dozens of exhibits.  Defendants simply ask to continue their work through the holidays and through the vaccination roll-out in order to file their opposition brief and any supporting evidence on January 4, 2021.

Defendants submit the expedited calendaring of the hearing date will satisfy the Plaintiffs' request for an advancement of the January 25, 2020 hearing date.  Because Plaintiffs filed an ex parte application seeking relief in an expedited time frame, they appear to have waived any reply.

Defendants further state that this court indicated a joint statement regarding a briefing and hearing date should be submitted as to Plaintiffs' ex parte application for a temporary restraining order.  Because this Court did not address Plaintiffs' ex parte application for class certification at the hearing on December 21, 2020, this Court should decline to consider Plaintiffs' improper joining of the two ex parte applications for purposes of an expedited briefing and hearing schedule.

Respectfully submitted,


Dated: December 23, 2020

By: /s/Anne Hadreas_____


Anne Hadreas

Dated: December 23, 2020

Attorneys for Plaintiffs


Dated: December 23, 2020

By: /s/Lisa Tillman_____

Lisa Tillman

Attorneys for Defendants