*Hart, et al v. Director Clendenin, et al.*

# SETTLEMENT AGREEMENT

# EXHIBIT A

# *HART v. DIRECTOR CLENDENIN, EXECUTIVE DIRECTOR WALLACE*

## USDC CENTRAL DISTRICT OF CALIFORNIA 5:20-CV-01559

### SETTLEMENT AGREEMENT

**A.**     **Introduction**

1. The Parties to this Settlement Agreement are Aldo Hernandez, Charles Gluck, and Graham Waldrop ("Plaintiffs") and Defendants Stephanie Clendenin, Director of California Department of State Hospitals (DSH), in her official capacity, and Janine Wallace, Executive Director of DSH-Patton, in her official capacity (collectively, "Defendants").[1] This Agreement is effective when fully executed ("Effective Date").

2. Plaintiffs filed this lawsuit (the "Action") on August 5, 2020. The Action alleges that Defendants are endangering DSH-Patton patients at high-risk for severe COVID-19 illness or death by holding them in crowded, congregate living spaces in the midst of the COVID-19 pandemic, and that such confinement violates the Due Process Clause of the Fourteenth Amendment and Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12134.

3. In the interest of avoiding expense, delay, and inconvenience of further litigation of issues raised in this action, and without any admission of liability by Defendants, and in reliance upon the representations contained herein, and in consideration of the mutual promises, covenants, and obligations in this Settlement Agreement, and for good and valuable consideration, Plaintiffs and Defendants enter into this Settlement Agreement, subject to the appropriate approvals of the State of California and the Court.

4. The Parties enter into this agreement solely for the purposes of this settlement and implementation of the settlement.

**B.**     **Policies and Protocols for Prevention of COVID-19 Infection in DSH Facilities.**

5. Plaintiffs' lawsuit seeks relief that includes Defendants implementing all necessary precautions pursuant to Centers for Disease Control and Prevention (CDC) Guidelines,

---

[1] Plaintiffs Hart and Longstreet have been dismissed by court order.

1

the United States Constitution, and other applicable laws to protect Plaintiffs from COVID-19 infection.

6. Defendants represent that they have statewide policies, protocols, and workflows that are updated regularly and are designed to prevent the spread of COVID-19 within DSH-Patton. In addition, in accordance with the vaccination plan Defendants began in November 2020, under the guidelines established by the California Department of Public Health (CDPH) as to vaccine eligibility, and once vaccine allocations were received in December 2020, Defendants have administered and continue to administer the COVID-19 vaccine to patients who were eligible to receive the vaccine and consented to receive the vaccine. The number of patients inoculated by DSH with the vaccine is reported on the DSH's public website and, as to those patients at DSH-Patton, in Defendants' status reports to this Court.

**C.  Settlement Terms.**

7. Defendants agree to perform the following terms in settlement of this action:

a. In accordance with their existing vaccination plan, Defendants will continue their ongoing efforts to offer the COVID-19 vaccine, per the guidance of CDPH, to DSH patients who:

(1) were previously disqualified by their primary care provider, but become eligible or who previously declined to consent; or

(2) were "out to court" at the time of the patient-wide administration if and when they return to DSH; or

(3) were in acute care at a non-DSH-Facility who did not receive the COVID-19 vaccination while in such care if and when they return to DSH.

b. Defendants will continue the efforts they began in January 2021 to continue to update their existing public website with the number of patients and staff vaccinated for COVID-19 through midnight December 31, 2021.

c. DSH-Patton will continue its existing and ongoing efforts to engage in patient education, and provide information to patients who have not consented, regarding COVID-19 vaccination.

2

d. DSH-Patton will continue its existing and ongoing efforts to provide education on the importance of social distancing, handwashing, mask wearing, pursuant to CDC and CDPH guidelines.

e. DSH will continue the efforts it began in June 2020 to continue to update its existing public website with the number of patients and staff who are COVID-19 positive and/or were tested for COVID-19, through midnight December 31, 2021.

f. DSH-Patton will continue its existing and ongoing efforts to provide mental health support to DSH-Patton patients in the process of COVID-19-based grieving, bereavement, and healing that it provides as a part of its existing Trauma Informed Care approach. DSH provided such support by deciding to offer a Moment of Silence on February 25, 2021. After full execution of this Settlement Agreement by all parties, DSH-Patton will offer such support as it has planned as part of its Trauma Informed Care initiatives: (i) a Statewide Healing Quilt, and (ii) per Plaintiffs' request, a meal offering a choice of pepperoni pizza and cheese pizza (up to three slices per DSH-Patton patient unless the patient has a necessary dietary restriction, for which an alternate meal will be provided), with soda within 30 days of execution of this Settlement Agreement by all parties and their counsel.

**D. Stipulated Dismissal.**

8. Plaintiffs agree to file a Notice of Dismissal with prejudice of the Complaint under FRCP 41(a)(1)(A)(i) after DSH completes the obligation in Paragraph 7(f)(ii) – provision of the pizza party – of this Agreement. In the event any motions or proceedings are pending on or after the obligation in Paragraph 7(f)(ii) is completed, the Parties agree that any such motions or proceedings will be dismissed. After the filing of the dismissal, the federal court shall have no continuing jurisdiction over the parties or this agreement.

9. The Parties understand that the Court will not incorporate this Agreement into any Order of Dismissal.

10. The Parties agree that this action is stayed for all purposes, other than effectuating the Agreement, until entry of the dismissal order.

**E. Termination of the Agreement.**

3

11. The Parties intend that this Agreement will remain in place while DSH continues to provide COVID-19 vaccinations and post COVID-19 infection and vaccination rates on its public website through December 31, 2021, per paragraphs 7(b) and 7(e). This Settlement Agreement will terminate as of midnight on December 31, 2021.

12. Between the filing of Notice of Dismissal with prejudice dismissal of this action upon performance of the obligation of paragraph 7(f) (ii) (the pizza party) and the termination of this Settlement Agreement as of midnight on December 31, 2021, any action to enforce this settlement agreement must be filed in Los Angeles County Superior Court or Sacramento County Superior Court.

**F.  Attorneys' Fees and Costs**

13. Defendants agree to pay Disability Rights California $75,000 in full and complete satisfaction of Plaintiffs' claim for attorneys' fees and costs and in exchange Plaintiffs, Disability Rights California, and Covington & Burling LLP fully release Defendants as to any claim for fees and costs arising out of this Action.

**G.  No Admission of Liability.**

14. Nothing in this Agreement shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiffs.

**H.  General Release and Waiver of Claims**

15. Plaintiffs acknowledge that they are familiar with the provisions of Civil Code section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, being aware of this Civil Code section, expressly waive any rights they may have under it as well as under any other statutes or common law principles of similar effect with

4

respect to claims for damages against the Defendants resulting from the dispute or facts that are the subject of this Agreement.

16. The Settlement Agreement resolves in full all claims against the Defendants by all of the Named Plaintiffs, and their attorneys' heirs, estates, agents and representatives, involving violations of law or constitutional rights, including, without limitation, their equal protection rights under federal and California law, their rights under 42 U.S.C. § 1983, the Americans with Disabilities Act (Title II), the Due Process Clause of the Fourteenth Amendment, Federal Regulations including and not limited to 28 C.F.R. § 35.130, et. seq., and any other rights under any other federal, state or local law, regulation, duty, or obligation, or any other legal theory, action or cause of action, which arise from the factual allegations alleged in the operative Complaint as set forth in the Complaint filed in this matter (hereafter "Covered Claims").

17. When the Settlement Agreement is final, all the Named Plaintiffs, and their attorneys' heirs, estates, agents and representatives, waive all rights to any and all claims of any kind for the Covered Claims. In consideration of the above terms, Plaintiffs hereby fully and forever release Defendants, and their directors, officers, employees and agents, to the extent they acted in their official capacities, from any claims that Plaintiffs asserted, could have asserted, or may assert in the future, related to the conduct set forth in the Complaint.

**I. Timeframe for Payment of Plaintiffs' Fees and Costs.**

18. Within 15 days of the Court's order dismissing this action, Plaintiffs' counsel will complete and return to Defendants the form entitled, "Payee Data Record" (Standard Form 204), thus giving the name, address, and tax identification number of Disability Rights California for tax reporting purposes.

19. Plaintiffs agree that any payment pursuant to this paragraph is contingent upon DSH obtaining the necessary appropriation and budget authority.

a. If DSH does not pay Plaintiffs' counsels' attorney fees and costs within 90 days of the effective date of the appropriation or budget authority obtained by DSH, whichever is sooner, DSH shall be responsible to pay interest on the payment, pursuant to Civil Code section 3287, subdivision (c), from 90 days after the effective date of the appropriation or budget authority obtained by DSH, as applicable, until the date payment is rendered in full.

  b. Unless another statute provides a different rate, in a tax or fee claim against a public entity that results in a judgment against the public entity, interest shall accrue at a rate equal to the weekly average on year constant maturity United State Treasury yield, but shall not exceed 7 percent per annum. That rate shall control until the judgment becomes enforceable under Section 965.5 or 970.1 of the Government Code, at which time interest shall accrue at an annual rate equal to the weekly average one-year constant maturity United States Treasury yield at the time of the judgment plus 2 percent, but shall not exceed 7 percent per annum.

  20. Plaintiffs agree that the Defendants' payment of the final negotiated resolution of attorneys' fees and costs shall constitute full and complete satisfaction of all attorneys' fees and costs arising from Plaintiffs' counsel investigation into the risks to Plaintiffs' health and safety in light of the COVID-19 pandemic through Plaintiffs' counsel filing of the request for dismissal.

  21. Upon receipt of this payment, Plaintiffs release Defendants from any further liability for Plaintiffs' attorneys' fees and costs from Plaintiffs' counsels' investigation into the risks to Plaintiffs' health and safety in light of the COVID-19 pandemic and prosecution of this action.

**J. Effect of Settlement Agreement in Other Actions.**

  22. Nothing in this Settlement Agreement is intended to modify, revise, or change any existing orders or consent decrees applicable to Defendants or to operations at or people held in DSH facilities.

**K. Integration and Severability.**

  23. This Settlement Agreement, together with its exhibits, contains all the terms and conditions agreed upon by the Parties regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement shall be deemed to exist, or to bind the Parties, or to vary the terms and conditions contained herein, except as expressly provided herein.

  24. This Settlement Agreement supersedes all prior communications regarding the matters contained herein between the Parties or their representatives. This Settlement Agreement is an integrated agreement and contains the entire agreement regarding the matters herein between the Parties, and no representations, warranties or promises have been made or

relied on by any party hereto other than as set forth herein. This Settlement Agreement was drafted by counsel for the parties hereto, and there shall be no presumption or construction against any party.

25. If any provision of this Settlement Agreement is by law unenforceable or void, such provision shall be deemed stricken from this Settlement Agreement, and such unenforceability shall not affect the other provisions of this Settlement Agreement, all of which shall remain in full force and effect.

**L.     Governing Law, Jurisdiction, and Venue.**

26. This Agreement and all matters arising out of or relating to this Agreement whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of California. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in any state or federal court located in the state of California.

**M.     Execution and Counterpart.**

27. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

**N.     Parties' Approval of Agreement.**

28. By signing this agreement, each party acknowledges and agrees that they have fully read, understand, and voluntarily enter into this agreement. Each party acknowledges and agrees that they have had an opportunity to ask questions and consult with their attorney in this matter before signing this agreement.

////

////

IT IS SO AGREED AND STIPULATED.

Dated: May 22, 2021        By: _____
                                Aldo Hernandez, Plaintiff

Dated: May ___, 2021       By: _____
                                Charles Gluck, Plaintiff

Dated: May ___, 2021       By: _____
                                Graham Waldrop, Plaintiff

Dated: ~~May~~ June 4, 2021       By: _____
                                Stephanie Clendenin, Defendant, *sued in her official capacity as Director of the Department of State Hospitals*

Dated: ~~May~~ June 2, 2021       By: _____
                                Janine Wallace, Defendant, *sued in her official capacity as Executive Director of the Department of State Hospitals, Patton*

Approved as to form:

Dated: May ___, 2021       By: _____
                                Anne Hadreas, Esq.
                                Disability Rights of California
                                Counsel for Plaintiffs
                                *Aldo Hernandez, Charles Gluck, Graham Waldrop*

Dated: May ___, 2021       By: _____
                                Samantha Choe, Esq.
                                Covington & Burling LLP
                                Counsel for Plaintiffs

8

IT IS SO AGREED AND STIPULATED.

Dated: May___, 2021    By:_____
                         Aldo Hernandez, Plaintiff

Dated: May 18, 2021    By: [signed]
                         Charles Gluck, Plaintiff

Dated: May 7, 2021     By: [signed]
                         Graham Waldrop, Plaintiff

Dated: May___, 2021    By:_____
                         Stephanie Clendenin, Defendant, *sued in her official capacity as Director of the Department of State Hospitals*

Dated: ~~May~~ June 2, 2021    By: [signed] Janine Wallace
                         Janine Wallace, Defendant, *sued in her official capacity as Executive Director of the Department of State Hospitals, Patton*

Approved as to form:

Dated: May 24, 2021    By: [signed]
                         Anne Hadreas, Esq.
                         Disability Rights of California
                         Counsel for Plaintiffs
                         *Aldo Hernandez, Charles Gluck, Graham Waldrop*

Dated: ~~May~~ June 1, 2021    By: [signed]
                         Samantha Choe, Esq.
                         Covington & Burling LLP
                         Counsel for Plaintiffs

8

*Aldo Hernandez, Charles Gluck, Graham Waldrop*

Dated: ~~May~~ June 14, 2021  By: _/s/ Lisa Tillman_
Lisa Tillman, Esq.
Andrew Edelstein, Esq.
Kevin Quade, Esq.
Office of the Attorney General
Counsel for Defendants
*Stephanie Clendenin, sued in her official capacity as Director of the Department of State Hospitals, and Janine Wallace, sued in her official capacity as Executive Director of the Department of State Hospitals, Patton*

Dated: ~~May~~ June 3, 2021  By: _/s/ Christine M. Ciccotti_
Christine M. Ciccotti, Esq.
Chief Counsel
Department of State Hospitals

9